IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUSAN J. RICHEY, <br><br> Plaintiff, <br><br> v. <br><br> KAISER FOUNDATION HEALTH PLAN OF GEORGIA, INC. <br><br> Defendant. | CIVIL ACTION NO: <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW Plaintiff, Susan J. Richey, by and through her undersigned counsel, and files this lawsuit against Defendant, Kaiser Foundation Health Plan of Georgia, Inc ("Kaiser"), an action under Title VII of the Civil Rights Act of 1964, as amended, *et seq* to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Susan Richey ("Richey or Plaintiff"), who was adversely affected by them. Kaiser discriminated against Richey when it denied her request for a reasonable accommodation and terminated her employment because of her sincerely held religious beliefs.

**I.    INTRODUCTION**

This lawsuit seeks to hold Kaiser accountable for its unlawful denial of Susan Richey's request for a religious accommodation and its discriminatory termination of her employment. Ms. Richey, a lifelong practicing Christian and member of the Lutheran Church, was a dedicated

1

employee of Kaiser for over 23 years, working as a Registered Nurse. For the last four years of her employment, her role as a "Telephonic Advice Nurse" was performed entirely remotely, with no physical contact with patients, coworkers, or the public. Based on her sincerely held religious beliefs, she declined to take Kaiser's mandated COVID-19 vaccine and formally requested an accommodation.

On September 29, 2021, Kaiser initially granted Ms. Richey a religious exemption from its mandatory vaccination policy. However, just three weeks later, Kaiser rescinded the accommodation and placed her on unpaid suspension, falsely claiming her beliefs were not sincerely held. On January 10, 2022, Kaiser terminated Ms. Richey for her non-compliance with the vaccine mandate. The U.S. Equal Employment Opportunity Commission (EEOC) investigated Ms. Richey's charge and found reasonable cause to believe Kaiser had violated Title VII by denying her a reasonable accommodation and terminated her because of her religion. Because Ms. Richey's position was fully remote, Kaiser was unable to articulate any undue hardship that would have resulted from allowing her to continue working from home as a religious accommodation.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims asserted in this action pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, *et seq.*, and 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant conducts business in this District and the unlawful employment practices alleged herein were

committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

### III.  PARTIES

3. Plaintiff, Susan J. Richey, is a resident of Georgia, and was employed by Defendant as a Telephonic Advice Nurse from October 18, 1999, through her discriminatory termination on January 10, 2022.

4. Defendant, Kaiser Foundation Health Plan of Georgia, Inc., is a Georgia corporation with its headquarters and principal offices located in Fulton County at 3495 Piedmont Road NE, Building 9, Atlanta, Georgia 30305. Defendant transacts business and conducts operations within Fulton, Fayette, Clayton, Gwinnett, and Dekalb Counties and is subject to this Court's jurisdiction.

5. Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b), as it is engaged in an industry affecting commerce and has employed fifteen (15) or more employees on each working day in each of twenty or more calendar weeks of the current or preceding calendar year.

6. Defendant may be served with process via its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Ms. Richey timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the unlawful acts alleged herein.

8. On or about August 8, 2024, the EEOC issued a Letter of Determination finding reasonable cause to believe that Title VII had been violated and inviting Defendant to engage in informal conciliation methods to eliminate the unlawful employment practices.

9. The EEOC engaged in conciliation communications with Defendant for over a year to provide it with an opportunity to remedy its discriminatory practices.

10. On September 25, 2025, the EEOC issued a Notice of Failure of Conciliation to Defendant, advising that the Commission was unable to secure an acceptable conciliation agreement.

11. On September 30, 2025, the EEOC emailed Plaintiff a Notice of Right to Sue related to her charge of discrimination, which she received on October 2, 2025.

12. Ms. Richey filed this lawsuit within 90 days of her receipt of the Notice of Right to Sue.

## V. STATEMENT OF FACTS

13. Ms. Richey was hired by Defendant in October 1999 as a Registered Nurse and was a dedicated employee for twenty-three (23) years.

14. For the last four (4) years of her employment, Ms. Richey worked as a "Telephonic Advice Nurse," a position in which 100% of her duties were performed remotely from her home office. In this role, she had no physical contact with patients, coworkers, or the general public.

15. Ms. Richey is a lifelong practicing Christian and member of the Lutheran Church who holds sincere and bona fide religious beliefs that conflict with Defendant's mandatory COVID-19 vaccination policy.

16. Her objections to vaccination are not a personal preference or a secular, political, or philosophical view, but are rooted in her religious convictions regarding the sanctity of life and the belief that her body is a temple of God.

17. Ms. Richey's religious objections to the COVID-19 vaccines available at the time stemmed from the use of cell lines derived from aborted fetuses in the research, development, and testing phases of the vaccines.

18. It is widely-known and publicly reported that the Pfizer and Moderna vaccines used a fetal cell line (HEK-293) for confirmatory testing, and that the Johnson & Johnson vaccine used a different fetal cell line (PER.C6) in its production and manufacturing process.

19. Based on this information, Ms. Richey sincerely believes that her participation in a system that benefits from what she considers the sin of abortion would violate her religious duties. This belief is rooted in scriptural principles such as those found in Exodus 21:22-25, which she understands as demonstrating the value God places on unborn life.

20. Ms. Richey also sincerely believes, based on scriptures such as 1 Corinthians 6:19-20, that her body is a temple for the Holy Spirit and must be kept pure and not defiled with substances she considers unnatural or unholy.

21. Consistent with these long-held beliefs, Ms. Richey previously declined other vaccines for religious reasons.

22. In accordance with its policy, Plaintiff informed Defendant of her sincere religious beliefs that conflicted with the vaccine mandate and requested a religious exemption.

23. On September 29, 2021, Defendant granted Plaintiff's request for a religious exemption from its mandatory COVID-19 vaccination policy.

24. However, just three weeks later, on October 21, 2021, Defendant took the adverse action of rescinding the approved accommodation, informing Plaintiff that it needed to "further evaluate whether you have a sincerely held religious belief, practice or observance that prevents you from receiving any COVID 19 vaccine".

25. On October 28, 2021, Plaintiff submitted detailed written responses to Defendant's questions, further explaining the conflict between her Bible-based religious beliefs and Defendant's vaccine mandate.

26. At the time, Defendant was mandating that Plaintiff receive the Pfizer-BioNTech vaccine and, according to a fact sheet it provided to Plaintiff, there was "no approved alternative vaccine available for prevention of COVID-19".

27. Despite Plaintiff's detailed explanation of her beliefs, Defendant took the further adverse action of placing her on unpaid suspension on or about December 4, 2021.

28. On January 10, 2022, Defendant took the final adverse action of terminating Plaintiff's employment for allegedly failing to comply with its vaccine mandate.

29. Following an investigation of Plaintiff's charge of discrimination, the EEOC issued a Letter of Determination finding "that there is reasonable cause to believe that [Plaintiff] held a sincere religious belief that conflicted with [Defendant's] mandatory COVID vaccine requirement; sought reasonable accommodations because of the conflict; and was denied a reasonable accommodation . . ." which resulted in Plaintiff being placed on unpaid leave and discharged "because of her religion, in violation of Title VII.".

30. Because Ms. Richey's position was fully remote and involved no in-person contact with others, Defendant could not and did not articulate any undue hardship that would have resulted from allowing her to continue working remotely as a religious accommodation.

31. Granting Plaintiff's request to continue performing her job remotely, which she had successfully done for the preceding four years, would not have resulted in any substantial increased costs or disruption to the conduct of Defendant's business.

### VI.   CAUSES OF ACTION

### COUNT ONE
### Discrimination and Failure To Accommodate Under Title VII
### (42 U.S.C. § 2000e(j))

32. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

33. *In Watts v. Florida International University*, 495 F.3d 1289 (11th Cir. 2007), the Eleventh Circuit unequivocally. stated, "[i]t is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds."  The court emphasized that judging the centrality of religious practices is "akin to the unacceptable business of evaluating the relative merits of differing religious claims." The proper standard is sincerity, not centrality or doctrinal purity. Id.

34. The Eleventh Circuit has affirmed that so long as an employee "actually holds the beliefs [she] claims to hold," the court will defer to the employee's understanding of their faith.

*Eternal Word Television Network, Inc. v. Sec'y of the U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122 (11th Cir. 2016)

35. The sincerity of Plaintiff's religious beliefs is a question of fact for the jury.

36. Plaintiff actually held a sincere and bona fide religious belief that conflicted with an employment requirement (e.g., a vaccine mandate).

37. Plaintiff informed Defendant of her belief and the conflict.

38. Defendant subjected Plaintiff to multiple adverse employment actions, including rescinding her approved accommodation, suspending her without pay for 30 days, and termination her employment.

39. Under Title VII of the Civil Rights Act of 1964, an employer has a statutory duty to reasonably accommodate an employee's religious beliefs and practices unless doing so would impose an "undue hardship" on the business.

40. Since Plaintiff worked remotely, Defendant was unable and declined to articulate any undue hardship in allowing her to continue to work remotely as a religious accommodation.

41. Continuing to work remotely was reasonable and would not have caused Defendant any undue hardship.

42. Although a showing of pretext is not essential to the success of Plaintiff's claims, the reasons offered by Defendant for rescinding and denying Plaintiff's accommodation request are a pretext for religious discrimination. See *Ismael v. Roundtree,* et al, No 25-10604 (11th Cir 2025)

43. A convincing mosaic of circumstantial evidence supports an inference of religious discrimination. This evidence includes, but is not limited to, Defendant's suspicious timing in rescinding a previously approved accommodation, its shifting justifications for its actions, and its failure to meaningfully engage in an individualized interactive process before denying religious accommodations.

44. Plaintiff timely requested accommodation was reasonable and she was open to suggestions.

45. Defendant unreasonably denied Plaintiff's requested accommodation.

46. Defendant failed to conduct a reasonable investigation into Plaintiff's requested accommodation

47. After rescinding the accommodation, Defendant did not propose any alternative accommodations.

48. Defendant rejected Plaintiff's offer to discuss her religious objections further.

49. Defendant failed to meaningfully engage in the "interactive process" related to the requested accommodation.

50. Defendant's failure to provide a reasonable accommodation prevented Plaintiff from performing the essential functions of her job, which she was fully capable of performing with the requested accommodation of remote work.

**COUNT TWO**
**Discriminatory Termination Under Title VII**
**(42 U.S.C. § 2000e-2(a)(1))**

51. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

52. Defendant terminated Plaintiff because of her religious beliefs and/or need for a reasonable accommodation.

53. The effect of the practice(s) complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her religious beliefs.

54. The unlawful employment practices complained of above were intentional.

55. Defendant failed to engage in any meaningful conversation to explore reasonable accommodation options.

56. Defendant's termination of Plaintiff was intentional and done with malice or reckless indifference to her federally protected rights under Title VII, thereby entitling her to seek compensatory and punitive damages pursuant to 42 U.S.C. § 1981a.

57. Plaintiff is entitled to damages, including back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, attorney's fees and costs of litigation, and all other relief recoverable under the Title VII.

58. As a direct and proximate cause of Defendant's intentional discrimination and retaliation, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and lost contributions to social security, all in an amount to be established at trial.

59. As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered and will continue to suffer damages, including lost wages and benefits, emotional distress, mental anguish, and loss of enjoyment of life, in amounts to be established at trial.

60. Accordingly, Plaintiff is entitled to equitable and monetary relief for Defendant's violation of her rights under the Title VII.

## VII.  JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

61. WHEREFORE, Plaintiff respectfully requests that:

    a. A declaratory judgment that Defendant's actions violated Plaintiff's rights under Title VII;

    b. An order directing Defendant to reinstate Plaintiff to her former position or an equivalent position, or, in the alternative, an award of front pay and benefits;

    c. An award of back pay and lost fringe benefits, with prejudgment interest thereon;

    d. An award of compensatory and punitive damages for Defendant's intentional and reckless conduct, pursuant to 42 U.S.C. § 1981a, in an amount to be determined by a jury;

    e. An award of reasonable attorneys' fees and costs of litigation, pursuant to 42 U.S.C. § 2000e-5(k); and

    f. Such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 26th day of December, 2025.

/s/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III P.C
GA Bar No.: 698758

1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**